IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MARK BROWN,

      Plaintiff,

v.

EDWARD EVAN NELSON BROWN, *et al.*,

      Defendants.

2:25-CV-028-Z

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Strike ("Motion to Strike") (ECF No. 23), filed May 30, 2025, and Plaintiff's Motion for Leave to File Response and Reply Out of Time ("Motion for Leave to File") (ECF No. 28), filed June 20, 2025. Having considered the briefing, relevant law, and Motions, the Court **GRANTS** the Motion to Strike and **DENIES** Plaintiff's Motion for Leave to File.

### BACKGROUND

Plaintiff sued Defendants on February 6, 2025, for misapplication of investor and company funds, breach of fiduciary duties, conversion, breach of contract, and misrepresentation. ECF No. 3. Defendants moved for dismissal and to compel arbitration on March 19, 2025, arguing a lack of subject-matter jurisdiction, lack of person jurisdiction, and improper venue. ECF No. 9. That Motion to Dismiss or Compel Arbitration remains pending following the instant resolution of the Motion to Strike and the Motion for Leave to File.

On April 22, 2025, Plaintiff—without responding to Defendants' Motion to Dismiss—filed a Motion to Disqualify Defendants' Counsel. ECF No. 15. Finally, on May 27, 2025, Plaintiff responded to Defendants' Motion to Dismiss, replied to Defendants' response to his Motion to Disqualify Counsel, and included a Notice of Late Filing and Request for the Court's Consideration. ECF Nos. 19, 21, 22. In that Notice, Plaintiff admitted his untimeliness and

1

explained that "the grandfather of Plaintiff's daughter" suffered from health problems through April 2025 before passing away May 1, 2025. ECF No. 19 at 1–2. And he included the obituary. *Id.* at 2.

Plaintiff's response to Defendants' Motion to Dismiss was due April 9, 2025, and his reply in support of his Motion to Disqualify was due May 16, 2025. *See* LOCAL CIV. R. 7.1(e), (f). Thus, Plaintiff filed his response forty-seven days after his deadline and his reply in support of his Motion to Disqualify eleven days after his deadline.

Three days after Plaintiff's untimely filings, Defendants filed a Motion to Strike Plaintiff's response to their Motion to Dismiss and Plaintiff's reply in support of his Motion to Disqualify. ECF No. 23. Plaintiff responded on June 20, 2025. ECF No. 26. And he filed that same day a Motion for Leave to File Response and Reply Out of Time. ECF No. 28.

### LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) states that if "an act may or must be done within a specified time, the court *may*, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1), (1)(B) (emphasis added). Thus, a party who filed late after a deadline expiration must move for leave to file and demonstrate excusable neglect. *See Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (holding a district court has discretion "to allow untimely responses where the party failed to act because of excusable neglect"). The movant "carries the burden of demonstrating excusable neglect." *Homelife in the Gardens, LLC v. Landry*, No. CV 16-15549, 2018 WL 310377, at *1 (E.D. La. Jan. 5, 2018) (citing *Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.")).

Excusable neglect "is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the

2

party's failure to act within the required time." *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, No. 3:07-CV-1728, 2008 WL 898772, at *2 (N.D. Tex. mar. 31, 2008) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 533–34 (3d ed. 2002)). It includes "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith." *Id.* (alteration in original) (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)). However, "inadvertence, ignorance of the rules, [and] mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

A few factors are relevant to determining whether a movant has prevailed in showing excusable neglect. These include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original). "A district judge enjoys broad discretion to grant or deny an extension"— even when the movant succeeds in showing excusable neglect. *Bank of N.Y. Mellon v. Riley*, No. 1:19-CV-279, 2020 WL 10618173, at *1 (E.D. Tex. Dec. 16, 2020); *Ogden v. Cozumel, Inc.*, No. A-18-CV-258, 2019 WL 5080370, at *2 (W.D. Tex. Oct. 10, 2019) ("Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." (quoting *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010))).

ANALYSIS

Defendants argue Plaintiff's response and reply should be struck for a few reasons.

First, they note that Plaintiff did not even file a Motion for Leave to File for his reply in support of his motion to disqualify. ECF No. 23-1 at 5. However, this reason fails for two reasons.

*Pro se* filings are construed liberally. *See Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021). Construed liberally, Plaintiff's Notice of late Filing and Request for Court's Consideration on May 27, 2025, could suffice as a motion for leave to file his reply late—though he does not make mention he filed the reply late as well. *See* ECF No. 19. And even if that quite liberal construction fails, Plaintiff has since rectified it by filing a Motion for Leave to File Response and Reply Out of Time, even if he only did so after Defendants' Motion to Strike. *See* ECF No. 28.

Second, Defendants contend Plaintiff failed to show excusable neglect to file late. They note that Plaintiff's daughter's grandfather was only hospitalized in late April, but Plaintiff's response was due April 9. And they highlight that Plaintiff's own action demonstrate he lacked excusable neglect because he filed a Motion to Disqualify on April 22, right in the middle of his family emergency. ECF No. 23-1 at 7. Finally, in an email to an unmonitored court address, Plaintiff acknowledge his response was "85% complete" but he instead chose to prioritize his Motion to Disqualify. *Id.* (citing ECF 23-2 at 2).

Plaintiff's accounts for why his error is excusable vary. In the email to the unmonitored court address, Plaintiff admits his response was "85% complete" on the filing deadline but that "it has become clear that prioritizing our single and only resource on forthcoming Motion to Disqualify Counsel may better serve the interests of judicial efficiency, the Defendants, and the Court." ECF No. 23-2 at 2. But in his Notice of Late Filing and Request for Court's Consideration, he instead argues the "delay was caused by the medical emergency and subsequent passing of an immediate family member . . . who was the grandfather of Plaintiff's daughter." ECF No. 19 at 1. In this account, Plaintiff argues he "was deeply involved" in the family member's care, helped coordinate a funeral on May 5 through 6, and these "demands . . . rendered it impossible for Plaintiff to meet the original deadline, despite earnest efforts." *Id.* Plaintiff reiterates these reasons in his response to Defendants' Motion to Strike. *See* ECF No. 26 (blaming "extraordinary family circumstances" and his "strategic" decision to instead file a Motion to Disqualify). Finally,

4

Plaintiff adds a third excuse. In his Motion for Leave to File Response and Reply Out of Time, Plaintiff again underscores the "death of a close family member" but offers a new excuse: "a good-faith misunderstanding of local procedural rules, particularly the misreading of 'motion ripe deadlines' as filing deadlines." ECF No. 28 at 1. He explains he "misunderstood local rules" because he is a "pro se litigant." *Id.* at 2. He does not explain how he misunderstood the local rules or confused them with "motion ripe deadlines."

Plaintiff fails to satisfy excusable neglect. The Court will take each factor in turn.

Plaintiff does prevail in showing little danger of prejudice to the opposing party. He explains his shortcomings produce "no prejudice" and still gave Defendants' "ample opportunity to respond." ECF Nos. 26 at 2, 28 at 2. "No prejudice exists when a litigant has had the opportunity to file a substantive response to a late" filing. *Bank of N.Y. Mellon*, 2020 WL 10618173, at *2 (citing *Hill v. Optum*, No. 3:17-CV-775, 2017 WL 2378299, at *2 (N.D. Tex. June 1, 2017) ("Because [nonmovant] has had full opportunity . . . to reply to [movant's] responses, [nonmovant] has not been unduly prejudiced . . . .")). Defendants filed their substantive reply after Plaintiff's late response on June 9, 2025. ECF No. 25.

Plaintiff fails the next factor. His delay was long, and it did impact the judicial proceedings by delaying when the Court could rule on the Motion to Dismiss. Plaintiff filed his response to Defendants' Motion to Dismiss forty-seven days late. That is not a "short delay" as he argues. ECF No. 28 at 2; *see also Reyna v. Epiroc Drilling Sols, LLC*, No. 3:23-CV-1005, 2025 WL 317568, at *4 (N.D. Tex. Jan. 28, 2025) ("The length of the delay was six days. Not great."). But for Plaintiff's failure, the Motion to Dismiss would have been ready for ruling on April 23, 2025. Yet it did not become ripe for ruling until June 9, 2025. And remarkably, even once Plaintiff realized his response was late on April 23, he still waited another thirty-four days to bother to file it. ECF No. 23-2 at 2 (believing the response due on April 23); ECF No. 19 (Plaintiff's notice of late filing). Courts often find excusable neglect when a party inadvertently makes a mistake and then

5

immediately rectifies it upon discovery a few days later. But rarely can a party satisfy the excusable neglect standard when it understands it is breaking deadlines yet still waits another month only to "tender [an] apology." ECF No. 19 at 1.

This goes to Plaintiff's reasons for his late filings. This factor is "perhaps the most important single factor" of the nonexclusive factors. *United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dall. Cnty. Comm'r Price*, No. 3:12-CV-893, 2013 WL 625742, at *5 (N.D. Tex. Feb. 20, 2013) (quoting *Inst. for Pol'y Stud. v. U.S. Cent. Intel. Agency*, 246 F.R.D. 380, 383 (D.D.C. 2007) (finding no excusable neglect where other three factors favored the movant, but the third factor weighed against the movant)). "The reasons articulated by Plaintiff do not support a finding of excusable neglect in the instant circumstances." *Sivertson v. Citibank, N.A.*, No. 4:18-CV-169, 2019 WL 12239629, at *3 (E.D. Tex. Apr. 22, 2019).

First, his family emergency. The Court sympathizes with Plaintiff's loss. And the Court would have gladly granted a proper motion to extend before the filing deadline. But Plaintiff's email to an unmonitored Court account (sent after the filing deadline) did not constitute a motion to extend a deadline. Plaintiff has been notified that all communications with the Court must be made through filings—not informal email. *See* ECF No. 2 at 2 ("Do not write letters to the judge asking questions about your case—all communication with the judge should be through filings."). Moreover, this family emergency cannot have been a sufficient cause for the late filing. Plaintiff's response was due on April 9. Plaintiff's daughter's grandfather's health issues began in early April but did not escalate to hospitalization until late April and he did not pass away until May 1. ECF No. 19 at 1. And Plaintiff made no mention of any of these circumstances in his informal email to the Court explaining his delay. ECF No. 23-2 at 2. Yet he sent this email during this family crisis. Even more, amid this family emergency that "rendered it impossible for Plaintiff to meet the original deadline," his response was somehow "85% complete." ECF Nos. 19 at 1, 23-2 at 2. Not only that, but "during this same time frame, Plaintiff made . . . other filings in this case."

6

*Sivertson*, 2019 WL 12239629, at *3. Most notably, he filed his Motion to Disqualify. Being busy is not a sufficient reason to satisfy the excusable neglect standard. *See Draper v. KK Ford, LP*, 196 F. App'x 264, 265 (5th Cir. 2006); *Nicholas W. v. Nw. Indep. Sch. Dist.*, No. 4:07-CV-14, 2009 WL 166451, at *3 (E.D. Tex. Jan. 16, 2009). Other duties and demands "provide no excuse for failing to meet deadlines." *Casey v. Quality Restaurants & Concepts*, No. 1:10-CV-309, 2012 WL 3261367, at *2 (N.D. Miss. Aug. 8, 2012).

Nor do Plaintiff's own "strategic" choices provide sufficient reason for his quite-late filings. ECF No. 26 at 2; *see Sivertson*, 2019 WL 12239629, at *3. Excusable neglect results from good-faith mistakes and oversights that do not result from a movant's deliberate choice to break deadlines unless justified. *See United States v. $48,880, more or less, in U.S. Currency*, No. 6:15-CV-364, 2017 WL 1493705, at *5 (W.D. Tex. Apr. 26, 2017) (examining under the third factor whether the reasons were "in [movant's] control").

Plaintiff chose to prioritize his Motion to Disqualify during a claimed family emergency instead of fulfilling his duties under the applicable rules. "This was a purposeful, strategic decision, not 'excusable neglect.' The excusable neglect standard does not relieve parties from their deliberate choices." *Drummond v. Cajun Valve Servs., LLC*, No. 2:20-CV-37, 2022 WL 1479954, at *2 (S.D. Miss. May 10, 2022) (citing *In re Pettle*, 410 F.3d 189, 192–93 (5th Cir. 2005) ("Voluntary action also may estop a party from seeking relief on the ground of mistake or excusable neglect.")). Plaintiff's "strategic decisions" were "within [his] reasonable control." *Ogden*, 2019 WL 5080370, at *3. Plaintiff did not make a mistake or fail through inadvertence or carelessness. Those are sufficient reasons.

But instead, Plaintiff freely admits he chose to strategically prioritize his Motion to Disqualify and ignore a deadline for a filing that was nearly complete. His justification that he thought he was helping "judicial economy" matches precisely the rejected reasoning in

7

*Drummond.* ECF No. 28 at 2; 2022 WL 1479954, at \*2 ("Plaintiff states that he decided to forego filing [an amended complaint] for the sake of judicial economy . . . ."). The Fifth Circuit has held excusable neglect unmet in quite similar circumstances as here. *See Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017) (no excusable neglect for a late filing when movant admitted the filing "was substantially completed" but movant "instead found it necessary to file" a different motion). Finally, Plaintiff's claim he mistakenly read the local rules does not nearly explain his late filings. He admits he thought the filing deadline was on April 23, 2025, for the response. ECF No. 23-2 at 2. And he still waited thirty-four days to file a nearly complete response. Thus, if he had filed on April 23, his lateness could perhaps be due to his mistake. But he admits he instead chose—not mistakenly—to disregard filing deadlines. His perceived strategy is not a sufficient reason to find excusable neglect.

Finally, the Court need not conclusively determine whether Plaintiff acted in good faith because he has failed to satisfy other factors. However, the Court questions whether he did. His reasons contradict. He claims the family emergency "rendered it *impossible* for Plaintiff to meet the original deadline." ECF No. 19 at 1 (emphasis added). But then he claims he made a "strategic and justified" decision to file late. ECF No. 26 at 2. Just in case though, he briefly claims he misunderstood the deadlines. ECF No. 28 at 2. Either he made a forty-seven-day mistake, the family emergency made compliance impossible, or he chose to file a different motion instead while knowing he was deserting existing deadlines. All three reasons cannot be true at once.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike is **GRANTED** and Plaintiff's Motion for Leave to File is **DENIED**.

**SO ORDERED**.

July __, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE