IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARK BROWN, | |
| Plaintiff, | |
| v. | 2:25-CV-028-Z |
| EDWARD EVAN NELSON BROWN, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss and Compel Arbitration ("Motion") (ECF No. 9), filed March 19, 2025. Plaintiff responded on May 27, 2025, but this response[1] has been struck for being forty-seven days late without excusable neglect under Federal Rule of Civil Procedure 6(b)(1). ECF No. 21. Defendants replied on June 9, 2025. ECF No. 25. The Motion is now ripe. Having considered the briefing, relevant law, and Motion, the Court **GRANTS** the Motion to Dismiss. Plaintiff has fourteen days from the date of this Order to attempt to properly allege subject-matter jurisdiction.

**BACKGROUND**

Plaintiff, proceeding *pro se*, sued Defendants on February 6, 2025, for misapplication of investor and company funds, breach of fiduciary duties, conversion, breach of contract, and misrepresentation. ECF No. 3. Defendants are Mark Deter Hanf, Edward Evan Nelson Brown, and Pacific Private Money Group, LLC ("PPMG"). *Id.* Plaintiff's Complaint contains

---

[1] The Court and Defendants are aware of Plaintiff's fabrication of *at least* one quote and case in his stricken Response. *See* ECF No. 25 at 2 n.2. The Court's investigation reveals the case and quotation do not exist. Because this Response was stricken, the Court refrained from demanding Plaintiff show cause as to why he should not be sanctioned. However, the Plaintiff is admonished to comply with Local Rule 7.2(f) and disclose any use of generative artificial intelligence if he should choose to continue this action through complaint amendment. Flouting the Local Rules or further falsehoods via fabricated cases and/or quotes may result in the appropriate sanctions.

1

some confusion about which LLC he names as a Defendant. After Defendants highlighted the error, Plaintiff clarified he means to sue the Pacific Private Money Group, LLC. *See* ECF No. 9 at 1 n.1 ("It is unclear what company Plaintiff is intending to sue. . . . Because the summons was issued to 'Pacific Private Money Group LLC,' Defendants believe that PPMG was the intended defendant."); ECF No. 20 at 1 (Plaintiff admitting the "correct name" is Pacific Private Money Group, LLC). Accordingly, the Court considers the three Defendants to be those named above and construes all references to "Pacific Private Management Group, LLC" as referring to "Pacific Private Money Group, LLC."

Plaintiff levies a long list of grievances against Defendants. At the heart of his claims is the "Pacific Southwest Note Fund, LLC" ("PSNF") and the "Pacific Southwest Management Group, LLC" ("PSMG"), the entity that is the sole manager of PSNF. ECF No. 3 at 2; ECF No. 9 at 4 (PSMG is "the sole manager" of PSNF). Plaintiff claims he is a "Co-Manager" and a "manager" of PSNF and a "Co-Manager" and "President" of PSMG. ECF No. 3 at 7, 21. As such, he had authority over these organizations under an operating agreement. *Id.* at 3. But he claims that Defendants took numerous actions against PNSF's investors and against him in his leadership role. These actions include "misappropriating investor and company funds, breaching fiduciary duties, and conducting unauthorized financial transactions, which have devalued [Plaintiff's] equity and exposed investors to significant risks." *Id.* at 2. And he notes that he has "singularly, show[n] the only known attempt at fiduciary leadership towards PSNF investor losses and has worked tirelessly to investigate, uncover financial irregularities, document unauthorized transactions, and protect PSNF and PSMG stakeholders." *Id.* at 3.

Plaintiff charges that Defendant Brown did not contribute sufficient funds to PSMG, has profiled and surveilled Plaintiff, and has subtly sown division. *Id.* at 5–6. Further, Defendant Brown has engaged in "BLACK-BOX operations." *Id.* at 5. Plaintiff believes

2

Defendant Brown is the "Mastermind of the fraud." *Id.* at 7. And Plaintiff charges Defendant Hanf with being the "facilitator of the fraud." *Id.* Plaintiff believes Defendant Hanf has subjected Plaintiff "to a deliberate campaign of harassment . . . for purposes of [Defendants'] own monitory [sic] gain" by creating a hostile environment, asking him questions as distractions, "plaguing and pestering" him, and disturbing him. *Id.* Finally, Plaintiff contends Defendants misrepresented that he resigned his leadership role by making him write a "coerced draft" of a resignation letter, fraudulently made the "books . . . bad," and siphoned away funds to other entities. *Id.* at 8–18.

Plaintiff brings five claims: (1) "Misapplication of Investor and Company Funds"; (2) "Breach of Fiduciary Duty"; (3) "Conversion of Mortgage Loan Assets Owned by Investors"; (4) "Breach of Contract"; and (5) "Misrepresentation related to Resignation." *Id.* at 19–21. To top his Complaint off, Plaintiff—a "West Texas Christian[]"—accuses Defendants Hanf and Brown of being "in an unconditionally loving, caring, sexual relationship with each other for the last 12 years" despite being "married to others." *Id.* at 21–22.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may seek dismissal of an action for "lack of subject-matter jurisdiction." Federal courts have limited jurisdiction. They "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Thus, a plaintiff "must make 'clear, distinct, and precise affirmative jurisdictional allegations'" in pleadings. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). A court must consider a jurisdictional challenge "before addressing any attack on the merits." *See In*

3

re *FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court shoulder consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."). Under a 12(b)(1) motion, a court may dismiss for lack of subject-matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the records; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). The party claiming subject-matter jurisdiction bears the burden of proof to show it is there. *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). The party bears the burden because courts "presume[] that a cause lies outside [their] limited jurisdiction." *Kokkonen*, 511 U.S. at 377. Jurisdiction cannot be satisfied "argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). Federal courts can exercise jurisdiction in two primary ways.

First, 28 U.S.C. Section 1331 permits a federal district court to exercise jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule states federal-question jurisdiction is met "only if a federal question appears *on the face* of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008) (emphasis added) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). The plaintiff "is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "And if []he pleads only state-law claims, there is no basis for federal-question jurisdiction." *Id.*

Second, 28 U.S.C. Section 1332 permits a federal district court to exercise jurisdiction over a case if the parties are diverse and the amount in controversy exceeds $75,000. "Complete" diversity is required, which means that "the citizenship of each plaintiff must be diverse from the citizenship of each defendant." *Mitchell*, 982 F.3d at 942. "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). Failure to adequately allege diversity jurisdiction's basis "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A court liberally construes a *pro se* party's filings and they are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and abide the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (a *pro se* plaintiff is not "exempt . . . from compliance with the relevant rules of procedural and substantive law" (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). A court will squint at *pro se* filings to discern what may be there—but it will not see things that are not there. *See Smith*, 735 F. App'x at 851 ("[T]here are limits on how far we will go to assist *pro se* plaintiffs."). "[E]ven a *pro se* litigant has the right to plead himself out of court . . . ." *Estrada v. Dominguez*, No. 200-CV-064, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

**ANALYSIS**

Plaintiff's Complaint "fails to reveal any grounds for this Court's exercise of subject-matter jurisdiction." *Rodriguez v. Wells Fargo Bank, N.A.*, No. 4:13-CV-327, 2013 WL 12137214, at *1 (N.D. Tex. June 11, 2013). The Court takes each basis for jurisdiction in turn.

The Court does not rule on Defendants' Motion to Compel Arbitration or the other pending motions in this case because it lacks subject-matter jurisdiction. *See Hines v. Stamos*, 111 F.4th 551, 565 (5th Cir. 2024) ("[U]nlike other threshold issues, a court cannot rule on arbitrability without subject-matter and personal jurisdiction."). If Plaintiff successfully alleges jurisdiction in the future, Defendants may reurge arbitration and Plaintiff may reurge Defendants' counsel disqualification.

### I. Federal Question

First, Plaintiff's Complaint does not allege federal question jurisdiction. The Complaint only cites one federal statute at all: 28 U.S.C. Section 1331. ECF No. 3 at 1. But that is only the federal question jurisdictional statute. It does not itself demonstrate that the cause arises under federal law. *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (holding Section 1331 is not itself a "federal law [that] creates the cause of action"). A federal question must "appear[] *on the face* of the plaintiff's well-pleaded complaint." *Bernhard*, 523 F.3d at 551 (emphasis added). But nowhere in the Complaint does a federal statute or Constitutional claim appear. All the claims stated in the Complaint sound in state law. *See* ECF No. 3 at 19–21. To underscore this, Plaintiff specifically cites the state statutes he is bringing these claims under for each claim. *Id.* Plaintiff has chosen to "plead only state-law claims" and he made no mistake about it when he cited state statutes. *Elam*, 635 F.3d at 803. Thus, "there is no basis for federal-question jurisdiction." *Id.* Plaintiff checked the federal question box on his Civil Cover Sheet. *See* ECF No. 3 at 24. But checking a box is not enough. *Jones v. Queen City Corp.*, No. 15-6683, 2016 WL 1572077, at *2 (E.D. La. Apr. 19, 2016) ("While Plaintiff checked the 'Federal Question' box on the Civil Cover Sheet, his Complaint does not assert any basis for federal question jurisdiction."). And nevertheless,

when given a chance to "[c]ite the U.S. Civil Statute under which [he was] filing," Plaintiff wrote only "Delaware Code Title 6." ECF No. 3 at 24.

## II. Diversity

Diversity jurisdiction fares no better. "This case presents two evergreen issues related to diversity jurisdiction: residency versus citizenship for individuals and citizenship for LLCs." *SXSW, L.L.C.*, 83 F.4th at 407. For the two individual Defendants, the Complaint lists their *residential* addresses. Both are in California. ECF No. 3 at 2. "The difference between *citizenship* and *residency* is a frequent source of confusion." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (emphasis in original). If a defendant is an individual, then "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). But citizenship and residence are not synonymous. *Id.* Rather, *citizenship* demands not only residence in fact but also "the purpose to make the place of residence one's home." *Id.* (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). "Therefore, an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).

Thus, for Mark Hanf and Edward Brown, the Complaint did not properly allege diversity of citizenship because it "alleged only that [Defendants] w[ere] California *resident[s]*, not that [they] w[ere] California *citizens*." *Id.* at 314 (emphasis in original); ECF No. 3 at 2. More is required. *SXSW, L.L.C.*, 83 F.4th at 408 ("[R]esidency is not citizenship for purposes of § 1332.").

The Complaint fails to properly allege Pacific Private Money Group, LLC's citizenship. An LLC's citizenship "is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). This means to properly allege an LLC's

citizenship, a party "must specifically allege the citizenship of *every* member of every LLC" sued. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (emphasis added). This requirement is easily confused with the requirements for a corporation, which are the citizens "of every State and foreign state by which [they] h[ave] been incorporated and of the State or foreign state where [they] ha[ve] [their] principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff made that error here. He alleged Defendant Pacific Private Money Group LLC's principal place of business was California. ECF No. 3 at 2. But he does not allege the citizenship of every one of PPMG's members. He does even allege who those members are, aside from Mark Hanf. He alludes elsewhere in the Complaint that PPMG has multiple members. *See, e.g.*, ECF No. 3 at 1 ("Members" of PPMG), 2 ("Members" of PPMG). But without knowing the identities and citizenship of each of those members, the Court cannot find diversity jurisdiction satisfied. "[T]he pleadings needed to identify [PPMG's] members and allege their citizenship." *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

Even more, nowhere does the Complaint "allege facts satisfying the amount in controversy requirement." *Dean v. Kreider*, No. 3:24-CV-2591, 2024 WL 4701474, at *2 (N.D. Tex. Oct. 18, 2024). However, the Court guesses the Complaint's pages of financial records which "illustrate the mismanagement and misapplication of funds" may point to this requirement. *See* ECF No. 3 at 9, 9–18. Nowhere does Plaintiff allege which of these records are losses he sustained, and which are valid transactions caught up in the fray. Plaintiff tosses many numbers throughout his Complaint but the Court, without more, cannot presume which ones he alleges are the amount in controversy and which are part of the "financial narrative" weaved throughout the Complaint. ECF No. 3 at 4.

In sum, the Complaint only pleads state-law claims. And it does not properly allege Defendants' citizenship nor PPMG's members and their citizenships. Finally, it does not set

forth sufficient facts to conclude the amount in controversy requirement is satisfied. Thus, the Court does not have subject-matter jurisdiction.

### CONCLUSION

Accordingly, the Motion is **GRANTED**. The case is **DISMISSED without prejudice**. All pending motions are terminated. Plaintiff has leave to amend his Complaint **within fourteen days of the date of this Order** to attempt to properly allege subject-matter jurisdiction. If Plaintiff opts to file an amended complaint, Defendants and Plaintiff may refile any appropriate motions, including a Motion to Dismiss and Compel Arbitration. And Plaintiff may then again seek disqualification of Defendants' counsel.

**SO ORDERED.**

July 1, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE